IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00657-WYD-KMT

COMMONWEALTH PROPERTY ADVOCATES, LLC,

     Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RFMSI 2007S6,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
JOHN DOES OF UNKNOWN NUMBER,

     Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to

Fed. R.Civ.P. 12(b)(1) and 12(b)(6), filed May 3, 2010 [ECF No. 17], Plaintiff's Request

for Hearing, filed July 1, 2010 [ECF No. 29], and Plaintiff's Amended Request for

Hearing, filed July 12, 2010 [ECF No. 36].

This is an action to prevent or reverse a Colorado foreclosure proceeding.

According to the allegations in the Complaint, on January 12, 2007, Alison G. Dean

executed two promissory notes in favor of Lender Homecomings Financial, LLC f/k/a

Homecomings Financial Network, Inc., to facilitate the purchase of residential property

in Douglas County Colorado (the "Property").  The notes were each secured by a deed

of trust.  According to Defendants, notes and deeds of trust were transferred and

Defendant U.S. Bank contends that it is the present holder of the debts and the

beneficiary under the deeds of trust.  Plaintiff contends that Defendants are not the
present holders of the notes or the obligees thereon.  On or about May 15, 2009,
Defendant U.S. Bank commenced a Public Trustee foreclosure sale in Douglas County.
On March 19, 2010, Plaintiff purchased the Property from Dean "with the intention of
exhausting all possible remedies in order to keep families from being displaced from
their homes." *Complaint* at ¶ 10.

Plaintiff filed the instant action on March 19, 2010, seeking a declaration
pursuant to 28 U.S.C. § 2201 that: (1) Defendants lack any interest in the Property
which might permit them to foreclose, or attempt to foreclose, and sell the Property
which may be enforced by lien or sale of the property, (2) terminating all present
collection activities upon any security in the Property, and (3) declaring that the Trust
Deeds are not liens against the Property.  Plaintiff also seeks an Order quieting title in
the property to Plaintiff and against Defendants.  Plaintiff contends that jurisdiction over
this matter is appropriate pursuant to 28 U.S.C. § 1332(a) because the parties are
citizens of different states and the amount in controversy exceeds $75,000.00.  As of
the filing of the Complaint, the Trustee's Sale of the Property was scheduled for April 7,
2010.

On May 3, 2010, Defendants filed the instant motion to dismiss, asserting that
this court lacks subject matter jurisdiction because Plaintiff has not established
complete diversity between Plaintiff and each of the Defendants; that Plaintiff lacks
standing to claim that the notes and deeds of trust are unenforceable; and that Plaintiff
is incorrect, as a matter of law, in his assertion that a transfer of the notes and deeds of

trust renders them invalid or somehow splits the notes from the deeds of trust.

On November 2, 2010, the parties filed a Joint Motion to Stay Proceedings Pending Decision on Motion to Dismiss and to Vacate Settlement Conference, which was subsequently granted by Magistrate Judge Tafoya.  The current status of the state foreclosure proceeding is unclear.  However, in their joint motion to stay, the parties indicate that the Property has been sold at a foreclosure sale to a third party.

The court in *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591 at * 2 (D.Colo. May 7, 2007), set forth the following summary of the Colorado real estate foreclosure process:

> In Colorado, consensual liens against real property are created by recordation of a deed of trust granted by the lender to the public trustee of the count where the property is situate.  Foreclosure of such liens is a hybrid process governed by statute.  The process involves issuance of orders by the state district court authorizing and confirming the [foreclosure] sale.  C.R.C.P. 120; C.R.S. § 38-38-105.  However, the process of conducting the sale and parties' rights in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder of the note may direct the public trustee to sell the property at a foreclosure sale.  C.R.S. § 38-38-101(1).  The lender must also seek an order from the state district court authorizing the sale under Rule 120.  Once a sale is authorized, the public trustee advertises and conducts the sale.  C.R.S. § 38-38-101(4).  The property is sold to the highest bidder who receives a Certificate of Purchase.  Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.
>
> Prior to sale, the borrower may cure the default.  After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with

interest from the date of sale, together with any taxes paid or other proper charges. *See* C.R.S. § 38-38-101 to § 38-38-103. Redemption thus annuls the sale. If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

Given the nature of the Colorado foreclosure process, it is difficult to determine when the rights of the parties are completely determined. However, the parties have not indicated that the state foreclosure proceedings have become "final" or that the rights of the parties are completely determined. Based on the record before me, I find that final adjudication has not yet occurred, and I must abstain from reaching Plaintiff's request for declaratory relief under the rule of *Younger v. Harris*, 401 U.S. 37 (1971).[1]

Under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction when: (1) there are ongoing state criminal, civil or administrative

---

[1]Even if the foreclosure proceedings are "final," preclusion law would govern the disposition of this action. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 1142-43 (2005) (clarifying that federal jurisdiction does not automatically terminate where there are parallel state and federal litigation, but state preclusion law applies). Federal courts must give full faith and credit to state court judgments. 28 U.S.C. § 1738 (2000); *Pittsburgh Cnty. v. City of McAlester*, 346 F.3d 1260, 1276 (10th Cir. 2003). The preclusive effect of a state-court decision is governed by the preclusion law of the state in which the judgment was rendered. *Nichols v. Board of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007). Under Colorado law, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). For claim preclusion to apply, the following elements must exist: "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.* I find that this action involves the same loan, deed of trust, and property as the state foreclosure action, seeks a declaration that the state foreclosure action is void, and involves the same parties. Therefore, to the extent the foreclosure action has become "final," claim preclusion bars Plaintiff from relitigating the foreclosure action in this court.

proceedings; (2) the state court offers an adequate forum to hear the federal plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1187 (1998); *see also Weitzel v. Div. of Occupatiinal and Professional Licensing,* 240 F.3d 871, 875 (10th Cir. 2001). *Younger* abstention is non-discretionary; the district court must abstain once the conditions are met absent extraordinary circumstances. *Weitzel*, 240 F.3d at 875. Assuming the state court foreclosure proceedings are ongoing, I must abstain from hearing Plaintiff's declaratory judgment action under *Younger*. Actions that challenge orders issued in a the context of a state foreclosure proceeding under Rule 120 are proceedings involve important state interests concerning title to real property located and determined by operation of state law. *Beeler*, 2007 WL 1346591 at *3; *see also Lyons v. WM Specialty Mortgage LLC*, 2008 WL 2811810 (D.Colo. July 18, 2008).

Therefore, for the reasons set forth herein, it is hereby

ORDERED that the claims asserted herein are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6), filed May 3, 2010 [ECF No. 17] is **DENIED AS MOOT.** It is

FURTHER ORDERED that Plaintiff's Request for Hearing, filed July 1, 2010 [ECF No. 29] and Plaintiff's Amended Request for Hearing, filed July 12, 2010 [ECF No.

36], are **DENIED AS MOOT**.

Dated:  February 2, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge